Frank B. Wilson, Respondent, v. John Hanna, Appellant.— Appeal dismissed by default, with costs. Jenks, P. J., Burr, Thomas, Carr and Woodward, JJ., concurred.

THIRD DEPARTMENT, JANUARY, 1912.

Samuel Kumin, Respondent, v. United Waste Manufacturing Company, Appellant.—Order affirmed, with ten dollars costs and disbursements. All concurred.

Knickerbocker Trust Company, as Trustee, Plaintiff, v. Oneonta, Cooperstown and Richfield Springs Railway Company and Others, Defendants. In the Matter of the Appeal by the Executors of the Estate of John W. Lounsbury, Deceased.— Motions to dismiss appeal granted, without costs.

In the Matter of the Application of W. Holden Weeks, Respondent, v. John E. Kraft and Others, Constituting the Civil Service Commission of the State of New York, Appellants.— Motion denied.

James L. Matteson, Appellant, v. The Jennings-Bragdon Company, Respondent.— Motion denied, without costs, on condition that the appellant serve papers within ten days, which he may do; otherwise, motion granted.

In the Matter of the Judicial Settlement of the Account of John R. De Vaney, as Executor of the Estate of Harry S. Gordon, Deceased.— Decision modified so as to allow the special guardian costs and disbursements of the appeal, to be taxed, payable out of the estate, and also the executor the printing disbursements, to be taxed, payable out of the estate.

In the Matter of the Application of William W. Farley, as State Commissioner of Excise, for a Peremptory Writ of Mandamus Addressed to John E. Kraft and Others, Commissioners, Constituting the Civil Service Commission of the State of New York.—Motion granted.

In the Matter of the Application for Probate of a Paper Purporting to Be the Last Will and Testament of Gertrude Ann Van Woert, Deceased.— Decision amended by striking therefrom the words " upon questions of fact " and inserting in place thereof " on the ground that the uncontradicted evidence shows that by the mutilation the testatrix did not intend to revoke the entire will." All concurred; Smith, P. J., and Betts, J., voting for a further modification to require a submission of the question to a jury, being of the opinion that, notwithstanding the evidence is uncontradicted, there is still a question of fact as to the intention of the testatrix in mutilating the will, which should be determined by a jury. (See 147 App. Div. 483.)